IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN BRADLEY MELL, | : | CIVIL ACTION NO. 1:23-CV-98 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| R. THOMPSON, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Steven Bradley Mell, seeks a writ of habeas corpus based on prison officials' alleged deliberate indifference to his serious medical need. We will dismiss the petition without prejudice for lack of jurisdiction.

**I.      Factual Background & Procedural History**

Mell is serving an 84-month imprisonment sentence imposed by the United States District Court for the District of New Jersey following his conviction for coercion or enticement of a minor and sexual exploitation of minors. See United States v. Mell, No. 2:18-CR-757, Doc. 45 (D.N.J. June 18, 2019). According to the instant petition, Mell has been diagnosed with Primary Sclerosing Cholangitis ("PSC"), "an extremely rare and terminal cholestatic hep[a]tobiliary disease which is serious and deadly." (Doc. 1 at 4). The petition summarizes PSC as follows:

> PSC is characterized by multiple strictures and dilation of the intra- and extraheptic bile ducts, leading to progressive liver fibrosis, and cholagiacarcinoma (liver cancer) ultimately end stage liver failure requiring a liver transplantation or ending in death. See American Liver Foundation. Mell's PSC is defined as an end of life trajectory illness and when left untreated, is terminal and cannot be cured, but

>   treatment slows the progession.  PSC attacks the bile ducts connected to the liver; over time the bile ducts deteriorate.  The deterioration is irreversible and terminal.

(Id. (internal emphasis omitted)).

Medication known as "Ursodeocycholic acid," "UDCA," or "Ursodiol" [hereinafter "UDCA"] is purportedly used as a treatment for PSC.  (Id. at 5).  UDCA "exerts protective effects in the heptabiliary tract, increasing the bile flow, [and] preventing damage to the liver bile ducts by keeping them stable [as] well as dissolving gallstones."  (Id.)  Patients treated with UDCA allegedly have a greater chance of survival and less chance of needing a liver transplant.  (Id.)

Mell was diagnosed with PSC in 1999.  (Id.)  He was continuously treated with UDCA for approximately fifteen years beginning in 2004 and ending when he entered the custody of the United States Bureau of Prisons ("BOP") on July 3, 2019.  (Id. at 5-6).  Prior to entering BOP custody, Mell's primary care internist, Dr. Scott Campbell, assessed his condition as stable.  (Id. at 5).  His condition has allegedly worsened since that time, with "a 50% reduction in his bile duct caliber, an increase of 12% in the right heptic lobe and instability in his metabolic liver functions as well as significantly elevated . . . levels of Alkaline Phosphatase."  (Id. at 6, 8).  Campbell has allegedly noted the "disconcerting" fact that Mell has developed "multiple gallbladder polyps" while in BOP custody, despite not developing any gallbladder polyps for the approximately fifteen years that he was treated with UDCA.  (Id. at 8).  Campbell notes that gallbladder polyps "are frequently cancerous" in patients who suffer from PSC.  (Id.)

Dr. Michael Moclock, Mell's primary care physician in Allenwood Federal Correctional Institution ("FCI-Allenwood"), allegedly discontinued Mell's UDCA treatment upon his arrival in BOP custody because Moclock questioned the "validity" of Mell's PSC diagnosis. (Id.) In 2021, Moclock noted that Mell was diagnosed with PSC in 1998, and "23 years later, . . . his most recent liver ultrasound and all his blood work since entering the BOP reveal no evidence of cirrhosis or advanced liver disease. He has gallstones on ultrasound, but its nothing out of the ordinary at this stage in life. Plus, he has a mild change in the texture of his liver, the significance of which is debatable." (Id. at 9).[1]

Moclock and other BOP medical professionals implemented a plan for Mell's treatment that included abdominal ultrasounds every four to six months and blood work every three months. (Id. at 8). Mell dismisses this treatment plan as nothing more than a "monitoring plan." (Id.) "The BOP's only plan," Mell asserts, "is to observe and permit deterioration and instability in Mell's liver function and overall health." (Id.) Mell notes an opinion from Dr. Campbell that the discontinuation of UDCA treatment has jeopardized Mell's health. (Id. at 9). He argues that the BOP's treatment plan for his PSC amounts to deliberate indifference. (Id. at 8). He states it is a "gross understatement" to say that there is a difference of opinion between the BOP doctors and the doctors who treated him prior to his incarceration and

---

[1] Dr. Moclock's statement was quoted by the government in a submission opposing Mell's motion for compassionate release in the sentencing court. See United States v. Mell, No. 2:18-CR-757, Doc. 104 (D.N.J. Jan. 15, 2021). Mell quotes directly from the government's submission in the instant case.

argues that the court should give more weight to the opinions of the latter group. (Id. at 10). Mell seeks a writ of habeas corpus compelling the BOP to place him on home confinement for the remainder of his sentence to allow him to receive the course of treatment prescribed by his outside physicians for treatment of his PSC. (Id. at 17).

**II.     Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

**III.    Discussion**

Mell's petition challenges the conditions of his confinement. Conditions of confinement claims are cognizable in federal habeas corpus proceedings "only in extreme cases." Hope v. Warden York Cnty. Prison, 972 F.3d 310, 324 (3d Cir. 2020) (quoting Ali v. Gibson, 572 F.2d 971, 975 n.8 (3d Cir. 1978)).

This case does not present extreme circumstances that would permit habeas corpus relief based on conditions of confinement. Mell asserts that the BOP's treatment of his PSC amounts to deliberate indifference, but the gravamen of his claim is a disagreement between BOP physicians and outside physicians as to the best course of treatment for the disease. (See Doc. 1 at 10 (noting the difference of medical opinion and urging the court to "give more weight" to the opinions of the outside physicians than that of the BOP physicians)). Disagreements of

professional judgment between doctors are not actionable claims for violation of the Eighth Amendment.  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990); see also Pearson v. Prison Health Service, 850 F.3d 526, 535 (3d Cir. 2017) ("'[M]ere disagreement as to the proper medical treatment' does not 'support a claim of an eighth amendment violation.'" (quoting Monmouth Cnty. Corr. Inst. v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987))).  Hence, we will dismiss the claim for lack of jurisdiction.

**IV.     Conclusion**

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     February 13, 2023